IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
LUFKIN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § | CRIMINAL NO. 9-11-CR-28 |
| | § | |
| v. | § | JUDGE RON CLARK |
| | § | |
| LOREN WILLIS | | |

**ORDER DENYING DEFENDANT'S MOTION FOR JUDGMENT OF ACQUITTAL**

The Lacey Act, 16 U.S.C. § 3372(a)(2)(A) makes it a crime to import, export, transport, sell, receive, acquire, or purchase in interstate or foreign commerce "any fish" taken, possessed, transported, or sold in violation of any state law or regulation. The penalty is set out in 16 U.S.C. § 3373(d)(1)(B), which provides that to warrant a felony punishment, the government must prove that the defendant knowingly engaged in conduct that involved the sale or intent to sell such "fish" *with a market value in excess of $350.* Because "fish" can refer to a single fish or to more than one, the plain language of the statute does not indicate whether the government must prove that *a* fish had a market value exceeding $350 or whether the *combined* value of several fish exceeded $350.

Defendant was convicted by a jury of transporting fish in violation of the Lacey Act. He argues that he should receive a judgment of acquittal as to Count Three of the Indictment because there was no proof of the sale or purchase of fish with a market value in excess of $350. The court finds that the Lacey Act permits aggregation of the value of fish. While no single fish was shown to have a value greater than $350, the court concludes that reasonable jurors could

have found that the value of all the illegally taken fish exceeded $350. The court **DENIES** Defendant's motion for judgment of acquittal.

**Aggregate Value of Fish Determines Penalty**

The court has not found a Fifth Circuit case addressing whether the Lacey Act permits aggregating the value of wildlife to meet the $350 requirement. However, the court finds the reasoning in *U.S. v. Senchenko*, 133 F.3d 1153 (9th Cir. 1998), to be persuasive in this case. In that case the defendant was charged with a single violation of 16 U.S.C. § 3372(a)(1) for having transported bear parts taken in violation of Washington state law.[1] The Government charged the offense as a felony under 16 U.S.C. § 3373(d)(1)(B) for engaging in conduct involving an intent to sell the bear parts, which the Government alleged had a market value in excess of $350.

Senchenko argued on appeal that the government improperly aggregated the value of bear parts found in the defendant's car and house to arrive at the requisite value of $350. The Ninth Circuit held that the government could aggregate the value of parts to arrive at the requisite $350 value because defendant's various acts were closely related and formed a single continuing scheme. *Senchenko*, 133 F.3d at 1156-57.

In arriving at its conclusion, the Ninth Circuit focused on the purpose of the Lacey Act as set forth in the Senate Report, to punish unlawful commercial activity. The court found that the acts forming the defendant's conduct were closely related such that it all involved a single continuing scheme or single commercial activity. The Ninth Circuit also cited to the Supreme Court case of *Schaffer v. United States*, 362 U.S. 511, 517, 80 S. Ct. 945, 948-49, 4 L.Ed. 2d 921

---

[1]Snaring bears is prohibited by Washington state law, which allows big game to be hunted only with a firearm, bow and arrow, or by falconry. See Wash. Admin. Code § 232-12-047

(1960) where the Court said that "[a] sensible reading of the statute properly attributes to Congress the view that where the shipments have enough relationship so that they may properly be charged as a single offense their value may be aggregated." Although stated with reference to somewhat different statutory language[2], the Ninth Circuit found the *Schaffer* rationale applicable.

The reasoning in *Senchenko* is directly applicable to the instant case. Mr. Willis was convicted on Count Three, conspiracy to transport and sell fish with a market value in excess of $350 taken, possessed, transported, or sold in violation of any state law or regulation. Mr. Willis, Mr. Longo, and Mr. Masuda went out with a guide on the Trinity River, and each caught an alligator gar without a required Texas fishing license. Mr. Willis transported the three fish, along with a gar he purchased from the guide, to Florida, and then shipped them to Japan for sale. This is not a case in which the government aggregated distinctly separate acts or transactions to meet the jurisdictional minimum. To the contrary, all of these acts were part of a single conspiracy or single commercial activity as was charged in the indictment. Accordingly, because the acts forming the conduct are closely related, the total value of the fish taken in violation of state law will be taken into account in determining whether the government proved the $350 market value was established.

**Market Value of the Fish Exceeds $350**

A court may set aside a verdict and enter a judgment of acquittal on its own motion or upon the motion of the defendant, if the evidence is insufficient to sustain a conviction of an

---

[2]*Schaffer* arose under a statute prohibiting the interstate transportation of stolen securities valued at more than $5,000. The statute defined "value" as the aggregate value of all . . . securities . . . referred to in a single indictment." *See* 18 U.S.C. § 2311; 362 U.S. at 512. The statute did not define, however, what acts of interstate transportation of securities could be aggregated within a single indictment.

3

offense. Fed. R. Crim. P. 29. The district court must uphold a jury's verdict as long as a rational jury could have found each of the essential elements proven beyond a reasonable doubt. *United States v. Yi*, 460 F.3d 623, 629 (5th Cir. 2006). After reviewing the evidence in the light most favorable to the government, with all reasonable inferences and credibility choices made in support of the jury verdict, the court must determine whether a reasonable jury could have found, beyond a reasonable doubt, that the three fish taken without a license had a combined market value which exceeded $350. *See United States v. Gonzales*, 436 F.3d 560, 571 (5th Cir. 2006).

Mr. Kirkland, Mr. Willis's commercial fishing guide, testified that he sold a single 4 foot alligator gar caught by his father to Mr. Willis for $200. The government produced a receipt evidencing this transaction. Although the Lacey Act does not define market value, the long-standing definition of the term means the amount a willing buyer and a willing seller would agree upon, neither being under any compulsion to buy or sell and both having reasonable knowledge of relevant facts. *Kolom v. Comm'r*, 454 U.S. 1011, 1013, S. Ct. 548, 550 70 L.Ed. 2d 412 (1981). The court's final jury instructions reflected this long standing definition: "The market value of wildlife may be established, among other ways, by the price it would bring if sold on the open market between a willing buyer and seller."

While the fish bought by Mr. Willis was not in violation of the Lacey Act because Mr. Kirkland Senior had a valid fishing license, reasonable jurors could use the price paid by Mr. Willis and accepted by Mr. Kirkland in calculating the market value of the three fish acquired in violation of state law or regulation. Reasonable jurors could find that the market value for each fish was $200, and that the cumulative value of the three fish was $600.

4

The commercial invoice for the shipment going to Japan submitted by the exporter, Ornamental Fish Distributors, did indicate that the value of all the fish was only $100. This form was approved by the United States Department of Fish and Wildlife. However, the invoice was prepared by, or on behalf of, Mr. Willis and there was no evidence that the Department actually attempted to place a value on the fish. This was not a "willing buyer-willing seller" transaction or indicative of a professional independent appraisal. A reasonable juror could have found that the transaction between Mr. Willis and Mr. Kirkland was a more valid indication of the market value of each fish rather than the dollar amount on the commercial invoice.

Because the Lacey Act permits aggregation of the value of the fish and because reasonable jurors could have found that the aggregate value of the three fish exceeded $350, the court **DENIES** Defendant's motion for judgment of acquittal as to Count Three of the Indictment.

So **ORDERED** and **SIGNED** this **1** day of **December, 2011.**

_____
Ron Clark, United States District Judge